IN THE MATTER OF THE APPLICATION OF THE DEPARTMENT OF
PUBLIC PARKS TO LAY OUT A PUBLIC DRIVE FROM
ONE HUNDRED AND FIFTY-FIFTH STREET, ETC.

*Street — dedication of land — right of owner of fee of, to damages for land taken.*

Commissioners appointed to open a street in New York, awarded damages for a
portion of the land taken to " unknown owners." The land taken was a part
of One Hundred and Fifty-seventh street. One D. claimed the land by virtue
of a conveyance to him in 1858 of the adjoining land, his deed bounding him
by the northerly side of One Hundred and Fifty-seventh street. One G.
claimed it by virtue of a conveyance, from the widow and heirs of D.'s grantor,
made in 1868, of the land in front of D.'s lot, being a part of One Hundred and
Fifty-seventh street, the *locus in quo.* The land taken had never been used as a
street. *Held* (1), that the conveyance to D. operated as a dedication of the land
to the public as a street; (2), that the owner of the fee was only entitled to nomi-
nal damages for the taking thereof; (3), that the award of the commissioners
must have been made in ignorance of the fact of the dedication of the land or of
the law applicable to the case ; (4), that as all the parties were before the court
the award should be corrected, by directing the money to be paid over to the
city of New York, as the one properly entitled thereto.

APPEAL from an order denying a motion to confirm the report of
a referee declaring George B. Grinnell entitled to an award, made
by the commissioners appointed to lay out a drive in the city of
New York, to unknown owners.

*Josiah Porter,* for Grinnell, appellant.

*Henry Woodruff* and *Walter Howe,* for John Dalley, respondent.

*W. C. Whitney,* for the city.

BRADY, J.:

The commissioners of estimate and assessment for laying out a
road or public drive northward from the southerly line of One
Hundred and Fifty-fifth street, to the intersection of the Kingsbridge
road with Inwood street, in the city of New York, awarded,
for a part of the land taken for the purpose indicated, and
to unknown owners, the sum of $1,547. The land formed
a part of One Hundred and Fifty-seventh street. This

award was claimed, on the one hand, by George B. Grinnell, and on the other, by John Dalley. Dalley's title was derived through a deed dated December 9, 1853, bounding the premises conveyed, by the northerly side of One Hundred and Fifty-seventh street, and Grinnell asserted his ownership under a deed executed by the widow and devisee of Dennis Harris, dated 13th December, 1868, by which she conveyed to him the street in front of Dalley's grant, or the *locus in quo*. The disputed territory was never used as a street. It was inclosed by Dalley, although he had, from his deed, notice that it had been dedicated to the public use as a part of One Hundred and Fifty-seventh street. The referee found in favor of Grinnell, and it seems, upon the proposition that it was covered by the grant of Mrs. Harris, and that there had been no adverse possession by Dalley. In the view that is taken of this appeal, however, it is wholly immaterial what the conclusions of the referee were on that subject. The referee, in addition to the findings, which were essential to the disposition of the matter before him, also found that the *locus in quo* had been dedicated to either public or private use as a street, and only a nominal award should have been made for it; but as the commissioners of estimate and assessment made an award for it, the award belonged to the owner of the fee. The referee, in thus disclosing his views, gave a correct exposition of the law, save in one respect, namely, that the award belonged to the owner of the fee. The dedication of the land as a public street was made by the grantor, through whom both disputants derive title, namely, Dennis Harris. The appropriation of the land thus made, entitled the owner of the adjoining land to nominal damages only. His grant was to the line of the street, and any subsequent conveyance of the bed of the street to the centre of it, or the whole of it if owned by his grantor, would confer no right upon the grantee to demand or receive any compensation for it from the city. The language of the conveyance to Dalley, constituted a dedication of the land as a street to the public use, and its employment for that purpose authorized the grant of nominal damages only. (*In re Ingraham*, 11 N. Y. S. C. [4 Hun], 495, and cases cited.) The award to unknown owners was not a specific award to either of the claimants in this proceeding. It was intended as an appropriation of the sum named to the

owner of the fee *entitled to indemnity*, and not otherwise. The city is as much the owner, within the true intent and meaning of the report of the commissioners, as either of the disputants here urging his claim. The right to the use of the street had already been secured by it, by virtue of its dedication. It was only necessary to adopt the proceedings which were taken to acquire the fee (*Matter of Ingraham*, *supra*), and for which, as we have seen, in consequence of the dedication, only a nominal sum could be demanded or given, according to the law of the State. The commissioners, in ignorance, doubtless, of the dedication, and if not of that fact, certainly in ignorance of the law, made the award mentioned. This may justly be assumed, but if not, then this court, *ex debito justitiæ*, can correct the error into which they have fallen. This power cannot be questioned, and should always be employed in a case like this, where the award is general to " unknown owners," and not specific, in order to prevent a palpable wrong, particularly when all the parties interested, as in this matter, are before the court. The court of last resort has not failed to express this view of a subject to which its attention was drawn, although not directly presented by the appeal. Justice BALCOM said, " But a proper regard for the due administration of the laws of the land requires that this court should not permit such orders to go unnoticed " (*Devin* v. *Patchin*, 26 N. Y., 448), and then proceeded to demonstrate that the surrogate's allowances were improperly made, although no one had appealed from them. We apply this principle here, and we think, for the reasons assigned, the litigant parties to this proceeding are not, nor is either of them, entitled to the relief sought. The fund in question belongs to the city of New York, less perhaps the nominal award which might have been made, and of which this court would take no notice. *De minimis non curat lex.*

For these reasons, the order made at Special Term should be reversed, and the proceedings remanded to the court below, to be disposed of according to this opinion. No costs of this appeal to either party.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.